IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jason R. Paul,                                   :
                 Petitioner              :
                                          :
               v.                          :  No. 259 C.D. 2025
                                          :
Judicial Conduct Board,                          :  Submitted: June 16, 2026
                 Respondent            :

***OPINION NOT REPORTED***

MEMORANDUM OPINION
PER CURIAM                                     FILED: July 24, 2026

         Jason R. Paul (Requester), proceeding *pro se*, petitions for review of the February 11, 2025 Final Determination of the Pennsylvania Judicial Conduct Board's (JCB) Open Records Appeals Officer (Appeals Officer). Thereby, the Appeals Officer affirmed the JCB Open Records Officer's (ORO) denial of Requester's Right-to-Know Law (RTKL)[1] request (Request), in which he sought financial records related to several JCB proceedings. Both the ORO and the Appeals Officer concluded that the requested records were exempt from disclosure under the RTKL and the Pennsylvania Constitution.

         Upon review, we affirm.

## I.     Background and Procedural History

         Requester sent the Request to the JCB on January 22, 2025, by certified United States mail. Therein, Requester sought "all [f]inancial records related to cost

---

[1]   Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101 – 67.3104.

mailing etc following cases: 2010:102-Mankamyer[;][2] 2010:210-Mankamyer[;] 2016:767[;] 2016:769[;] 2021-204 NJ[;] 2020-474[;] 2022-319[;] 2017-331[.]" (Certified Record (C.R.) Doc. 5.)[3] The ORO denied the Request by letter dated January 28, 2025, reasoning as follows:

> [T]he information requested is not subject to the disclosure requirements of the [RTKL], as the [JCB] is a "[j]udicial agency" as defined in [S]ection [ ]102 of the [RTKL,] 65 P.S. § 67.102[]. [*See*] [*Burda v. Pennsylvania Judicial Conduct Board*,] 175 A.3d 1138 (Pa. Cmwlth. 2017). Judicial agencies are required under [S]ection [ ]304 of the [RTKL, 65 P.S. § 67.304,] to disclose only "financial records" as defined in [S]ection [ ]102. Although your [R]equest for the information above is couched in terms of financial activity, it is not considered a request for a financial record under [S]ection [ ]102. As such, your [R]equest pursuant to the [RTKL] is denied.
>
> In further response, [S]ection [ ]708(b)(17) of the [RTKL, 65 P.S. § 67.708(b)(17),] exempts from disclosure any record of a judicial agency relating to a noncriminal investigation, including complaints submitted to a judicial agency, and any record that includes information made confidential by law.

---

[2] "Mankamyer" refers to Magisterial District Judge (MDJ) Susan Mankamyer (MDJ Mankamyer), also known as "Christine Susan" or "C. Susan" Mankamyer, who is also a licensed attorney. *See* Petition for Review, at 2-3 (unpaginated); https://www.pacourts.us/courts/minor-courts/magisterial-district-judges/print-view (last visited July 19, 2026). In a related but unconsolidated case in this Court, Requester petitioned for review seeking a declaration that the JCB and the Disciplinary Board of the Supreme Court of Pennsylvania unlawfully permit MDJ Mankamyer to practice law concurrently with her service as an MDJ. By Memorandum Opinion filed November 25, 2025, we dismissed Requester's petition for review for failure to state a claim. We noted that MDJs, within certain limits, are permitted to practice law during the terms of their commissions, and Requester's petition was bereft of even "a scintilla of a hint" that "[MDJ] Mankamyer has unlawfully transgressed any such limits." *See Paul v. Judicial Conduct Board and Disciplinary Board* (Pa. Cmwlth., No. 401 M.D. 2024, filed November 25, 2025), slip op. at 4.

[3] The Certified Record includes a separate RTKL request submitted by Requester to the JCB on January 22, 2025, which request is not pertinent to this appeal. The JCB has corrected the Certified Record and included the pertinent Request as Document No. 5.

> If the requested information is contained in a [JCB] "record[,"] as defined in [S]ection []102 of the [RTKL], then that information is exempted from disclosure because it would relate to an official noncriminal investigation by the [JCB]. Furthermore, [a]rticle V, section 18, paragraph (a)(8) of the [Pennsylvania Constitution] states that complaints filed with or initiated by the [JCB] and information acquired by the [JCB] in the conduct of an investigation *shall not* be public information, and that all proceedings of the [JCB] *shall be confidential*. Therefore, by law, the [JCB] cannot comply with your request[ ] for the information requested as this information would not be a "financial record[,"] and instead would be a record concerning a noncriminal investigation by the [JCB] and would be exempt as a record or information made confidential by law. As such, your [Request is] denied.

(C.R. Doc. 2, at 002-3) (emphasis in original). Requester appealed the denial to the Appeals Officer, who affirmed and adopted the ORO's reasoning in full. (C.R. Doc. 4, at 006.)

Requester now petitions for review in this Court, alleging that the Appeals Officer erred in affirming the denial of the Request because Requester is "confident there are financial records relevant to disclose under [Section 304 of the RTKL]." (Petition for Review at 1) (footnote omitted).

## II. **Issues**[4]

In his brief, Requester for the first time indicates that the records he seeks relate to the "Pennsylvania Interest on Lawyers Trust Account Board," also known as the "IOLTA" Board. (Requester's Br. at 2) (unpaginated). Requester asserts

---

[4] In RTKL appeals from the decisions of judicial agencies, this Court functions as the Chapter 13 court. *See* Section 1301(a) of the RTKL, 65 P.S. § 67.1301(a). This Court accordingly is the ultimate factfinder, exercising *de novo* review of the broadest scope. *Anand v. Pennsylvania Insurance Department*, 329 A.3d 1, 12 n.10 (Pa. Cmwlth. 2024) (citation and quotation omitted). We may, where appropriate, substitute our own findings for those of the agency. *Id.*

3

throughout his brief that he is seeking financial statements regarding MDJ Mankamyer's IOLTA account, which he alleges are accessible through the JCB because MDJ Mankamyer is also a practicing lawyer. *Id.* at 4-5. In essence, Requester seeks any financial statements or other financial records pertaining to MDJ Mankamyer's IOLTA account that the JCB has obtained in connection with any of the investigations or proceedings listed in the Request.

In response, the JCB contends that the requested records do not qualify as the type of "financial records" that a judicial agency must produce pursuant to Section 304 of the RTKL. The JCB argues that the IOLTA records sought by Requester, even to the extent that the JCB possesses them, are (1) exempt from disclosure as records related to a noncriminal investigation under Section 708(b)(17); and (2) expressly confidential pursuant to article 5, section 18(a)(8) of the Pennsylvania Constitution.[5] (JCB Br. at 6-8, 9-10). The JCB lastly argues, in the alterative, that even assuming the requested records were "financial records" not exempt from disclosure, the IOLTA Board, and not the JCB, would be the proper recipient of the Request. *Id.* at 10.

### III. Discussion

The RTKL imposes different disclosure obligations on various types of agencies. Pertinent here, and as distinguished from Commonwealth, legislative, and local agencies, Section 304 of the RTKL directs that "judicial agencies" must "provide financial records in accordance with [the RTKL] or any rule or order of court providing equal or greater access to the records." 65 P.S. § 67.304.[6] A "judicial agency" is "[a]

---

[5] Pa. Const. art. V, § 18(a)(8) ("Statements, testimony, documents, records or other information or evidence acquired by the [JCB] in the conduct of an investigation shall not be public information.").

[6] "Financial records" are defined in Section 102 of the RTKL to include any of the following:
**(Footnote continued on next page…)**

court of the Commonwealth or any other entity or office of the [U]nified [J]udicial [S]ystem." 65 P.S. § 67.102. We have held that the JCB is a judicial agency. *Burda*, 175 A.3d at 1140.

Pursuant to its constitutional authority over the administration of Pennsylvania courts under article 5, section 10 of the Pennsylvania Constitution, and by authorization of Section 304 of the RTKL, the Pennsylvania Supreme Court promulgated Pennsylvania Rule of Judicial Administration (Pa.R.J.A.) 509 (Rule 509) to govern RTKL requests directed to judicial agencies. Pa.R.J.A. 509, Note; *Grine v. County of Centre*, 138 A.3d 88, 98 (Pa. Cmwlth. 2016). Rule 509(a) provides that "financial records of the Unified Judicial System are presumed to be open to any member of the public." Pa.R.J.A. 509(a). Rule 509 also defines financial records similarly to Section 304 of the RTKL. *Compare* Pa.R.J.A. 509(a)[7] *with* 65 P.S. § 102 ("Financial records").

---

(1) Any account, voucher or contract dealing with:

   (i) the receipt or disbursement of funds by an agency; or

   (ii) an agency's acquisition, use or disposal of services, supplies, materials, equipment or property.

(2) The salary or other payments or expenses paid to an officer or employee of an agency, including the name and title of the officer or employee.

(3) A financial audit report. The term does not include work papers underlying an audit.

65 P.S. § 67.102.

[7] Rule 509 defines "financial records" to include "any account, contract, invoice or equivalent dealing with: 1) the receipt or disbursement of funds appropriated to the system; or 2) acquisition, use or disposal of services, supplies, materials, equipment or property secured through funds appropriated to the system." Pa.R.J.A. 509(a). Rule 509(b) pertinently excludes from the category of accessible financial records "any part of a record setting forth information to which access is otherwise restricted by federal law, state law, court rule, court order or court policy[.]" Pa.R.J.A. 509(b)(1).

Our Supreme Court has summarized the disclosure obligations of judicial agencies as follows:

> All records in the possession of Commonwealth and local agencies are presumed to be public records subject to disclosure, unless they are exempt under a [S]ection 708 exception, subject to a privilege, or are otherwise exempt under another state or federal law, regulation, or judicial order or decree. [Section 305(a) of the RTKL,] 65 P.S. § 67.305(a). In contrast, only financial records in the possession of a judicial agency "shall be presumed to be available" in accordance with the RTKL. 65 P.S. § 67.305(b). Section 304(a) provides further that "[a] judicial agency shall provide financial records in accordance with this act or any rule or order of court providing equal or greater access to the records." [Section 304(a) of the RTKL,] 65 P.S. § 67.304(a). For these reasons, the RTKL limits the public records that judicial agencies must disclose to financial records.

*Miller v. County of Centre*, 173 A.3d 1162, 1168 (Pa. 2017) (some citations and footnotes omitted).

We conclude, for several reasons, that the records sought in the Request are not public "financial records" of a judicial agency. First, and notwithstanding the language of the Request, the records cannot fairly be categorized as "financial records" as that term is defined in Section 102 of the RTKL and Rule 509(a). The Request seeks financial records "related to cost mailing etc" for eight specific proceedings of the JCB, two of which identify MDJ Mankamyer by name. (C.R. at Doc. 5.) The Request therefore does not seek financial records *of* the JCB, but rather financial records that the JCB might have obtained in conjunction with investigating or deciding those eight matters. The Request simply does not seek accounts, vouchers, contracts, invoices, or similar documents "dealing with" the JCB's receipt or disbursement of funds, its use

or disposal of services, supplies or property, the salary or expenses paid to a JCB employee, or the JCB's financial audit reports. *See* 65 P.S. § 67.102; Pa.R.J.A. 509(a). Although RTKL requests must be analyzed as they are written and not as later modified, narrowed, or explained in litigation, *see Swoboda v. Pennsylvania Department of State (Office of Open Records)*, 304 A.3d 105, 112 (Pa. Cmwlth. 2023) (*en banc*), our conclusion that the Request does not seek disclosable financial records is nevertheless reinforced by Requester's assertions that he seeks IOLTA account statements of MDJ Mankamyer, and possibly other individuals, in the possession of the JCB. *See* Requester's Br. at 2-5. IOLTA accounts, which are maintained by practicing attorneys, plainly are not financial records of the JCB.

Second, even assuming that any of the records sought by Requester could constitute "financial records" under either Section 102 of the RTKL or Rule 509(a), they are, in this instance, protected from disclosure by article 5, section 18(a)(8) of the Pennsylvania Constitution. *See* Pa.R.J.A. 509(a) (excluding from disclosable financial records "any part of any record setting forth information to which access is otherwise restricted by federal law, state law, court rule, court order or court policy"). As the JCB points out, article 5, section 18(a)(8) expressly provides that "[c]omplaints filed with the [JCB] or initiated by the [JCB] shall not be public information," and "[s]tatements, testimony, *documents*, *records*, *or other information or evidence acquired by the* [*JCB*] *in the conduct of an investigation shall not be public information.*" Pa. Const. art. V, § 18(a)(8) (emphasis added). Because Requester admittedly is seeking access to records that the JCB would possess *only if* it had obtained them in conjunction with pending investigations or proceedings before it, the records are exempt from disclosure.

## IV.  Conclusion

Because the records sought by Requester are not subject to disclosure under either the RTKL or Pa.R.J.A. 509, we affirm the Appeals Officer's Final Determination.[8]

---

[8] Given our disposition, we need not determine whether the records sought in the Request would be exempt from disclosure as records relating to a noncriminal investigation pursuant to Section 708(b)(17) of the RTKL.  We also need not address the JCB's argument that it does not have jurisdiction over the IOLTA Board and its records.  As to the latter argument, however, we note that Requester did not request the production of IOLTA records in general, but instead sought IOLTA records that the JCB purportedly obtained during investigations associated with specific matters pending before it.  If those records were disclosable, which they plainly are not, the JCB would not need jurisdiction over the IOLTA Board to produce them.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jason R. Paul,                                          :
          Petitioner                        :
                                                       :
                 v.                                  :     No. 259 C.D. 2025
                                                       :
Judicial Conduct Board,                            :
          Respondent                     :

## *<u>ORDER</u>*

## *<u>PER CURIAM</u>*

AND NOW, this 24th day of  July, 2026, the February 11, 2025 Final Determination of the Pennsylvania Judicial Conduct Board's Open Records Appeals Officer is hereby AFFIRMED.